UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GARLAND E. WILLIAMS                                CIVIL ACTION

VERSUS                                             NUMBER: 18-2552

UNITED STATES OF AMERICA,                          SECTION: "F"(5)
ET AL.

## REPORT AND RECOMMENDATION

The above-captioned matter previously came before the Court pursuant to Local Rule 72.1(B)(1) for a determination of pauper status under 28 U.S.C. §1915.  (Rec. docs. 2, 3).

This lawsuit is the latest chapter in Plaintiff's unsuccessful efforts to obtain relief from the enforcement of child support orders entered by state courts in Kansas and Louisiana[1] and, in the wake of those unsuccessful efforts, to sue numerous federal and state officials, including judicial officers, who were involved in referring the dispute along the way.[2]  The instant matter is but the most recent manifestation of Plaintiff's dissatisfaction with the results that he has obtained to date, in the form of an action against the jurist who presided over one of his previous lawsuits, the Honorable Ivan L.R. Lemelle, and Clerk of Court William W. Blevins.  (Rec. doc. 1).  Plaintiff seeks substantial monetary damages in the amount of $2,800,000,000.  (*Id.* at p. 21).

As noted above, Plaintiff is proceeding *in forma pauperis* in this matter pursuant to 28 U.S.C. §1915.  (Rec. doc. 3).  As directed by that statute, courts are to dismiss such matters at any time it is determined, *inter alia*, that the action is "… frivolous or malicious …" 28 U.S.C.

---

[1] *See Williams v. Dept. of Children and Family Services State of Louisiana, et al.*, No. 16-CV-15866 "B"(2); *Williams v. Kansas State Dept. of Social and Rehabilitation Service, et al.*, No. 14-CV-1663 "C"(5).
[2] *See Williams v. U.S. Dept. of Justice, et al.*, No. 16-CV-5500 "R"(3); *Williams v. U.S. Dept. of Justice, et al.*, No. 16-CV-0038 "G"(3).

§1915(e)(2)(B)(i).  A complaint is frivolous if the claims alleged therein have no arguable basis in law or fact.  *Booker v. Koonce*, 2 F.3d 114, 115 n. 6 (5th Cir. 1993).  A complaint is malicious if the claims presented have already been asserted by the plaintiff in a pending or previous lawsuit against the same or different defendants.  *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).  Although "frivolous" precedes "malicious" in the aforementioned statute, those two bases of dismissal will be addressed in opposite order.

In *Williams v. United States of America, et al.*, No. 18-CV-4005-SAC-KGS, a lawsuit that Plaintiff initiated in January of this year in the United States District Court for the District of Kansas, Plaintiff sued Judge Lemelle and Clerk of Court Blevins on the same grounds that he asserts in this matter.  Indeed, a comparison of the complaint that Plaintiff filed in that previous matter and the one that he filed herein reveals them to be the same, save for minor changes in the paragraphs numbered as "1" and "9" in terms of the forum being petitioned.  (Compare rec. doc. 1 with rec. doc. 1 in No. 18-CV-4005).  On February 14, 2018, the Magistrate Judge to whom No. 18-CV-4005 was allotted issued a Report and Recommendation recommending that that lawsuit be dismissed under §1915(e)(2)(B)(ii) and (iii) for failing to state a claim upon which relief can be granted and for seeking monetary damages from Defendants who are immune from such relief.  (Rec. doc. 5 in No. 18-CV-4005).  After various filings were submitted by Plaintiff, on March 2, 2018, the District Judge to whom No. 18-CV-4005 was allotted adopted the Magistrate Judge's Report and Recommendation and ordered that the case be dismissed.  (Rec. doc. 10 in No. 18-CV-4005).  Judgment so dismissing the matter was entered that same day and thus far, no appeal has been taken.  (Rec. doc. 11 in No. 18-CV-4005).

Undaunted, just a mere three days later Plaintiff submitted an essentially identical complaint to the United States District Court for the District of Kansas, *Williams v. United States of America, et al.*, No. 18-CV-4018-SAC-KGS. On March 9, 2018, the same District Judge to whom Plaintiff's previous lawsuit had been allotted issued an order dismissing No. 18-CV-4018 as malicious for being duplicative of that earlier suit, for failing to state a plausible, intelligible claim for relief, and for seeking monetary relief from Defendants who are immune from such relief. (Rec. doc. 5 in No. 18-CV-4018). Judgment dismissing the action was contemporaneously entered and to date, no appeal has been taken. (Rec. doc. 6 in No. 18-CV-4018).

The instant proceeding, which was filed *in forma pauperis*, is repetitious litigation duplicative of Nos. 18-CV-4005 and 18-CV-4018 that seeks "... to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir.), *cert. denied*, 493 U.S. 969, 110 S.Ct. 417 (1980)(citing *Bailey v. Johnson*, 846 F.2d 1019 (5th Cir. 1988)). A complaint is malicious and subject to dismissal under §1915(e)(2)(B)(i) "when it 'duplicates allegations of another ... federal lawsuit by the same plaintiff' or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation." *McGill v. Juanita Kraft Postal Services*, No. 03-CV-1113, 2003 WL 21355439 at *2 (N.D. Tex. June 6, 2003), *adopted*, 2003 WL 21467745 (N.D. Tex. June 18, 2003)(quoting *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993)). The rationale behind these decisions is that the privilege of proceeding *in forma pauperis* at government expense does not entitle a plaintiff to a second "... bite at the litigation apple ..." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993).

There can be no doubt that Plaintiff is aware of the concept of maliciousness as the District Judge's order of March 9, 2018 in No. 18-CV-4018 dismissing that matter as malicious and duplicative of No. 18-CV-4005 specifically cited the Fifth Circuit's cases in both *Pittman* and *Bailey*. (Rec. doc. 5, p. 2 in No. 18-CV-4018). That Plaintiff persisted with the prosecution of this matter in the face of that recent ruling renders it not only subject to dismissal on the same basis, but also raises the spectre of sanctionable conduct. *See*, *e.g.*, *United States v. Odeh*, 185 F.3d 346, 346-47 (5th Cir. 2006)(citing *Coghlan v. Starkey*, 852 F.2d 806, 808 (5th Cir. 1988)); *Lay v. Anderson*, 837 F.2d 231 (5th Cir. 1988).

Not only is this action malicious, it is also frivolous. Contrary to the clear mandate of Rule 8(a)(2), Fed. R. Civ. P., to the extent that Plaintiff's rambling, often incomprehensible pleading can be deciphered at all, his principal complaint appears to center on the manner in which one of his previous cases, No. 16-CV-15866, was decided. A review of the record in that case reveals that the matter was dismissed after Plaintiff wholly failed to file memoranda in opposition to the Defendants' motions to dismiss, opting instead to file multiple, premature notices of appeal in spite of there being no entry of a final judgment. (Rec. docs. 28, 30, 38, 39, 43, 44 in No. 16-CV-15866). Although Plaintiff was specifically offered the opportunity to file a motion for reconsideration of the order and reasons that disposed of that case, he failed to avail himself of that opportunity, choosing instead to file a **fifth** notice of appeal that was subsequently dismissed for want of prosecution. (Rec. docs. 44, 45, 48 in No. 16-CV-15866). When judgment was finally entered in the matter, Plaintiff took no further action whatsoever in the case. As Plaintiff was proceeding *pro se* in that matter, these failures are attributable to him alone. Obviously, the instant lawsuit against

4

Senior District Judge Lemelle is not the appropriate substitute for the appellate rights that Plaintiff initially but prematurely pursued and ultimately voluntarily abandoned.

As for Clerk of Court Blevins, the basis of Plaintiff's complaint appears to be that the Clerk failed to enter a default in No. 16-CV-15866 pursuant to Rule 55(a), Fed. R. Civ. P. (Rec. doc. 1, pp. 5-8, 16). Plaintiff, however, never filed a motion for the entry of a default in that case as required by Rule 55(a), choosing instead to first move for a default judgment, an error that was noted in the District Judge's written decision disposing of the latter motion. (Rec. docs. 25, 27 in No. 16-CV-15866). From a causation standpoint, the Clerk cannot be held liable for failing to act on a motion that Plaintiff never filed. As Plaintiff's complaint lacks an arguable factual basis as to Clerk of Court Blevins, it is equally susceptible of dismissal as frivolous on that basis. *Booker*, 2 F.3d at 115 n. 6.

Moreover, the statutory bases of liability cited by Plaintiff, 42 U.S.C. §§1983, 1985, and 1986, are not viable here. The first-listed statute, §1983, is inapplicable as the named Defendants in this matter are federal officials acting pursuant to federal law and are not state actors acting under color of state law, necessary requirements to the maintenance of a lawsuit under §1983. *Lyons v. Sheetz*, 834 F.2d 493, 495 (5th Cir. 1987). In addition, Judge Lemelle is absolutely immune from suit even if his acts are perceived by Plaintiff to have been done erroneously, maliciously, or even in excess of his authority. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 1104-05 (1978); *Pierson v. Ray*, 386 U.S. 547, 553-54, 87 S.Ct. 1213, 1217-18 (1967); *Mays v. Sudderth*, 97 F.3d 107, 110-11 (5th Cir. 1996); *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir. 1993); *Lyons*, 834 F.2d at 495. To the extent that Plaintiff was dissatisfied with the rulings that were made by Judge Lemelle in his prior case, his recourse was to seek appellate review of the rulings, not to sue the Judge on civil-rights

grounds. *Boyd v. Vance*, No. 09-CV-7643, 2010 WL 235031 at *2 (E.D. La. Jan. 13, 2010). Independent lawsuits against presiding judges are not the appropriate vehicle for disgruntled litigants to obtain a reversal of adverse judgments. *Montesano v. New York*, No. 05-CV-9574, 05-CV-10624, 2006 WL 944285 at *4 (S.D.N.Y. Apr. 12, 2006)("[n]either damages, injunctive nor declaratory relief is available to be used as a vehicle for disgruntled litigants to reverse adverse judgments."); *see also Brandley v. Keeshan*, 64 F.3d 196, 2001-01 (5th Cir. 1995), *cert. denied*, 516 U.S. 1129, 116 S.Ct. 947 (1996); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994); *Dayse v. Schuldt*, 894 F.2d 170, 172 (5th Cir. 1990); *Wightman v. Jones*, 809 F.Supp. 474 (N.D. Tex. 1992).

Turning to the second statutory basis for liability cited by Plaintiff, §1985, subsection (1) is obviously inapplicable here as there is no suggestion that the named Defendants prevented Plaintiff from accepting, holding, or discharging the duties of a public office. Subsection (2), which prohibits the obstruction of justice by threatening a party, witness, or juror from attending or testifying in any court of the United States, is equally unavailing. *Garrison v. City of Texarkana, Texas*, 910 F.Supp. 1196, 1205 (E.D. Tex. 1995). Finally, §1985(3) is likewise inapplicable here as Plaintiff's complaint contains no allegations of class-based invidious discrimination, an indispensable component of that subsection. *Roe v. Abortion Abolition Society*, 811 F.2d 931, 933-34 (5th Cir.), *cert. denied*, 484 U.S. 848, 108 S.Ct. 145 (1987). *See also United Brotherhood of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 103 S.Ct. 3352 (1983); *Eitel v. Holland*, 787 F.2d 995, 1000 (5th Cir. 1986). Without a viable claim under §1985(3), the asserted cause of action under §1986 also fails, §1986 being entirely derivative from §1985. *Shaw v. Garrison*, 391 F.Supp. 1353, 1370 (E.D. La. 1975), *aff'd*, 545 F.2d 980 (5th Cir. 1977).

Lastly, Plaintiff's reliance on various provisions of Title 18 of the United States Code provides him no solace as those statutes are criminal in nature and do not provide causes of action which are enforceable by a private citizen in a civil proceeding like this one. *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960); *D'Aquin v. Landrieu*, No. 16-CV-3862, 2016 WL 7178511 at *3 (E.D. La. Dec. 9, 2016); *Bailey v. Daniels*, 679 F.Supp. 2d 713, 716-17 (W.D. La. 2009). For all these reasons, it will be recommended that Plaintiff's suit be dismissed with prejudice pursuant to §1915(e)(2)(B)(i).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's lawsuit be dismissed with prejudice as frivolous and malicious pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).3/

New Orleans, Louisiana, this 16th day of March, 2018.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

3/ *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.